1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JUNE FULLECIDO-REYNO; FREDDIE          CASE NO.10cv1899 WQH (AJB)
     REYNO, Sui Juris; JFW ADULT
12   RESIDENTIAL CARE,                      ORDER

13                          Claimants,

14   DAVID WYNN-MILLER,
     Plenipotentiary Judge,
15
                            Co-Claimant
16         vs.

     SAND CANYON CORPORATION, as
17   successor to Option One Mortgage Capital
     Corporation and Premier Trust Deeds
18   Services, Inc.; FANNIE MAE
     CORPORATION, TS-Number CA-07-
19   79964-JB, #19089622; MORTGAGE
     ELECTRONIC REGISTRATION
20   SYSTEMS, INC.; MERS CORP.;
     MICHAEL BURNETT, ESQ &
21   MATTHEWS, LLP; MICHAEL
     BURNETT, ESQ; DAVID OWEN; RICK
22   HOFFMAN; CLAUDIA ADAMS;
     RONALD D. ROUP, ESQ; BRAD M.
23   SIMON, ESQ; CYNTHIA LAICA, ESQ;
     G. GEOFFREY BARRY, ESQ; KIP LEE;
24   MATTHEW WINTERS; JEFF
     WAGNER; CINDIE WILLIS; MARK
25   KEIPER; JOSEPH MASSARO;
     GERALDINE VALDEZ, ESQ; W.L.
26   ROSS; LARRY LITTON; JOHN
     STUMPF; JOSEPH CALTABELLOTTA;
27

28

                              - 1 -                    10CV1899 WQH (AJB)

1  THOMAS G. ROCK; PATRICK
2  MCCLAIN; JAMES E. ROHR; OPTION
   ONE MORTGAGE; CAPITAL
3  MORTGAGE, C2935541; CT
   CORPORATION SYSTEMS;
4  RESIDENTIAL FUNDING REAL
   ESTATE HOLDINGS, LLC; QUALITY
5  LOAN SERVICE CORPORATION,
   C1613350; KEVIN R. MCCARTHY,
6  ESQ; GRAND BANK, N.A.; CARNEGIE
   MORTGAGE, LLC; ORANGE COAST
7  LINE, C0703360; MICHAEL M.
   KALUGER, JR ESQ; STEVE
8  FERNANDO; OPTION ONE
   MORTGAGE CAPITAL
9  CORPORATION, C2935541;
   MCCALLA RAYMER LAW GROUP,
10 LLC; JEFFREY M. SCHWARTZ, ESQ,
   SB 25916; H&R BLOCK; ARGENT
11 MORTGAGE COMPANY, LLC; TOWN
   AND COUNTRY TITLE SERVICES,
12 INC.; UNIGROUP, INC.; UNITED VAN
   LINES, (Registered Agent: Jan Roby
13 Alonzo); SULLIVAN MOVING &
   STORAGE,
14
                         Vassalees.
15
16
17  HAYES, Judge:

18      The matters before the Court are the Motion to Dismiss filed by Wells Fargo Bank, John
19  Stumpf, and Wells Fargo Home Mortgage Servicing ("Wells Fargo") (ECF No. 24), the
20  Motion to Dismiss filed by Ronald D. Roup, Esq., Brad M. Simon, Esq., and Larry Litton
21  (ECF No. 44), the Motion to Dismiss filed by Kevin R. McCarthy, David Owen, and Quality
22  Loan Service Corporation (ECF No. 45), the Motion to Dismiss filed by Sand Canyon
23  Corporation (as Successor to Option One Mortgage Capital Corporation and Premier Trust
24  Deed Services, Inc.), H&R Block Corporation, and Geraldine A. Valdez (ECF No. 47), the
25  Motion to Dismiss filed by Argent Mortgage Company, LLC, and Town and Country Title
26  Services, Inc. (ECF No. 49), the Motion to Dismiss filed by Orange Coast Title Company,
27  Michael M. Kaluger, Jr., Esq., and Steve Fernando (ECF No. 50), the Motion to Dismiss filed
28  by Fannie Mae Corporation, TS-Number CA-07-79964-JB, #19089622 (ECF Nos. 40, 51), the

1  Motion to Dismiss filed by Grand Banks, N.A., and Carnegie Mortgage, LLC (ECF No. 53),

2  the Motion to Dismiss filed by W.L. Ross (ECF No. 57), the Motion to Dismiss filed by

3  Unigroup Inc., United Van Lines (registered agent: Jan Roby Alonzo), Mark Keiper, and

4  Sullivan Moving & Storage (ECF No. 59), the Motion for Evidentiary Hearing filed by David

5  Wynn-Miller (ECF No. 75), the Motion to Dismiss filed by Michael W. Burnett & Mathews,

6  LLP,  Michael W. Burnett, Joseph Massaro, and Thomas G. Rock (ECF No. 76), the Motion

7  to Dismiss filed by Jeffrey M. Schwartz, Esq., SBN 25916 (ECF No. 77), the Motion for the

8  Application  for the Order Shortening Time filed by David Wynn-Miller, June Fullecido-

9  Reyno, and Freddie Reyno (ECF No. 89), the Motion for Evidentiary Hearing filed by David

10  Wynn-Miller (ECF No. 92), the Motion to Dismiss filed by Residential Funding Company,

11  LLC, and Residential Funding Real Estate Holdings Company, LLC (ECF No. 94), and the

12  Motion to Dismiss filed by James E. Rohr, National-City-Bank-PNC-Financial-Services-

13  Group, Inc. (ECF No. 100).

14                                          **BACKGROUND**

15        On September 13, 2010, Plaintiffs June Fullecido-Reyno, Freddie Reyno, and David

16  Wynn-Miller[1] initiated this action by filing the Complaint.  (ECF No. 1).  The Complaint is

17  captioned as follows:

18        For Writ of an Amicus Curiae; for the Correct Sentence Structure
          Communication Syntax Language Oath; for the Claimant's-Knowledge of an
19        unauthorized-use of tradename; for the Claimants'-Knowledge is with the
          Damage-Claim of the Counterfeit-Forgery-Mail-Fraud; Title-~18: C.-S.-S.-C.-
20        S.-L.~1342. with the Knowledge; Title 42-~U.-S.-C.-S.~1986, Title-~18:C.-S.-
          C.-S.-~1001 as a Tort-Damage with the Penalty Title 15-~:C.-S.-C.-
21        ~Chapter~2-~b-~Section-~78-~ff; and: California-Civil-Code-~1549 by the
          Vassalees' Fraudulent-Modification Documents
22
23  (ECF No. 1 at 1-2 (emphasis omitted)).  The Complaint begins as follows: "**In The Contract-**

24  _____

25        [1] The Complaint is asserted by "June-Fullecido: Reyno, Freddie: Reyno, Sui Juris; JFW
    Adult Residential Care Claimants :Plenipotentiary: Judge: David-Wynn: Miller Co-Claimant."
26  (ECF No. 1 at 1).  The Court construes the Complaint as having been brought by Plaintiffs
    June Fullecido-Reyno, Freddie Reyno, and David Wynn-Miller.  The Court will not construe
27  JFW Adult Resident Care as a plaintiff because, "[o]nly natural persons representing their
    individual interests in propria persona may appear in court without representation by an
    attorney...."  CivLR 83.3(k).  To date, there has been no appearance in this case by any
28  attorney for JFW Adult Resident Care. The Complaints also lists several "vassalees"which the
    Court construe as defendants.

1   **States-Postal-Service-Di-Strict-Court** of this Contract-Territory ith this Writ of an **Amicus-**

2   **Curiae**." *Id*. at 2. (emphasis in original).  The Complaint alleges, "For the **Correct-Sentence-**

3   **Structure-Communication-Syntax-Language-Oath** of the Fiduciary-Officer **is** with the

4   claim of the Judge, Attorneys, Sheriffs, City and: County Officers with this Contract-Vessel-

5   Territory." *Id*. at 4 (emphasis in original)).  Plaintiffs have attached exhibits to the Complaint

6   including several deeds of trust, a balloon rider, an adjustable rate rider, several legal

7   descriptions of property, an assignment of deed of trust, a notice of default and election to sell

8   under deed of trust, a grant deed, a corporation assignment of deed of trust, a substitution of

9   trustee, an affidavit of mailing for substitution of trustee by code, a notice of trustee's sale, a

10  notice of intent to preserve interest, an order expunging notice of intent to preserve interest,

11  a trustee's deed upon sale, an order on motion for relief from the automatic stay, a quitclaim

12  deed, an assignment of deed of trust, a certification pursuant to government code section

13  27361.7, a corporation grant deed, a certificate of acceptance, a grant deed, a notice of

14  pendency of action (lis pendens), a withdrawal of notice of pendency of action (lis pendens),

15  and a grant deed.  Each of these exhibits contain a chart titled, ":Syntax-word-key-meaning:"

16  which states: "1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 8=Past-time, 9=Future-time,

17  0=Conjunction, NC=No-Contract."   Each exhibit is marked with the numbers from the

18  ":Syntax-word-key-meaning."

19                                              **DISCUSSION**

20          The Defendants generally seek dismissal on the grounds that the Complaint fails to state

21  claim upon which relief can be granted and due to lack of subject matter jurisdiction.

22  Defendants alternatively seek a more definite statement.

23          Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

24  upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure

25  8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain

26  statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

27  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal

28  theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police*

1  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2    To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint
3  "does not need detailed factual allegations" but the "[f]actual allegations must be enough to
4  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
5  555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
6  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
7  of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to
8  dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,
9  --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true
10 allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
11 inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g.,*
12 *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general
13 statement that Wal-Mart exercised control over their day-to-day employment is a conclusion,
14 not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted
15 conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion
16 to dismiss, the non-conclusory factual content, and reasonable inferences from that content,
17 must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret*
18 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

19    The Complaint is incomprehensible and fails to assert "a short and plain statement of
20 the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is
21 appropriate in this case because complaint lacks a cognizable legal theory or sufficient facts
22 to support a cognizable legal theory. *See Balistreri*, 901 F.2d at 699. Accordingly, the
23 Motions to Dismiss filed by Wells Fargo Bank, John Stumpf, Wells Fargo Home Mortgage
24 Servicing, Ronald D. Roup, Esq., Brad M. Simon, Esq., Larry Litton,  Kevin R. McCarthy,
25 David Owen, Quality Loan Service Corporation, Sand Canyon Corporation (as Successor to
26 Option One Mortgage Capital Corporation and Premier Trust Deed Services, Inc.), H&R Block
27 Corporation, Geraldine A. Valdez, Argent Mortgage Company, LLC and Town and Country
28 Title Services, Inc., Orange Coast Title Company, Michael M. Kaluger, Jr., Esq., and Steve

1   Fernando, Fannie Mae Corporation, TS-Number CA-07-79964-JB, #19089622 , Grand Banks,

2   N.A., Carnegie Mortgage, LLC,  W.L. Ross, Unigroup Inc., United Van Lines (registered

3   agent: Jan Roby Alonzo), Mark Keiper, Sullivan Moving & Storage, Michael W. Burnett &

4   Mathews, LLP, Michael W. Burnett, Joseph Massaro, Thomas G. Rock , Jeffrey M. Schwartz,

5   Esq., SBN 25916, Residential Funding Company, LLC, Residential Funding Real Estate

6   Holdings Company, LLC, James E. Rohr, and National-City-Bank-PNC-Financial-Services-

7   Group, Inc. are **GRANTED**.  This Court concludes that the Complaint is dismissed as to all

8   Defendants based on the finding that the Complaint fails to allege a cognizable legal theory

9   or sufficient facts to support a cognizable legal theory.

10          Plaintiffs have also filed a "Motion for Evidentiary Hearing and Hearing for Oral

11   Argument on the Order Shortening Time for the :Order: Now-Time-Fault-Judgment:" (ECF

12   No. 75), a Motion "For the Application For the Order Shortening Time For the Notice of -the

13   Hearing-" (ECF No. 89), and a "Motion for Evidentiary Hearing and Hearing For Oral

14   Argument" (ECF No. 92).  (emphasis omitted).  To the extent these Motions seek oral

15   argument, the Court finds that the Motions are suitable for decision on the papers pursuant to

16   CivLR 7.1(d)(1).  To the extent these Motions seek entry of default judgment, Fed. R. Civ. P.

17   55(b)(2) provides that the Court may grant a default judgment after default has been entered

18   by the Clerk of the Court. The Clerk of Court has not entered default in this case.  Accordingly,

19   Plaintiffs' Motions are **DENIED**.

20                                      **CONCLUSION**

21       **IT IS HEREBY ORDERED** that:

22       (1)    The Motions to Dismiss filed by Wells Fargo Bank, John Stumpf, and Wells

23              Fargo Home Mortgage Servicing (ECF No. 24),  Ronald D. Roup, Esq., Brad M.

24              Simon, Esq., and Larry Litton (ECF No. 44),  Kevin R. McCarthy, David Owen,

25              and Quality Loan Service Corporation (ECF No. 45), Sand Canyon Corporation

26              (as Successor to Option One Mortgage Capital Corporation and Premier Trust

27              Deed Services, Inc.), H&R Block Corporation, and Geraldine A. Valdez (ECF

28              No. 47),  Argent Mortgage Company, LLC and Town and Country Title

1   Services, Inc. (ECF No. 49), Orange Coast Title Company, Michael M. Kaluger,

2   Jr., Esq., and Steve Fernando (ECF No. 50), Fannie Mae Corporation, TS-

3   Number CA-07-79964-JB, #19089622 (ECF Nos. 40, 51), Grand Banks, N.A.,

4   and Carnegie Mortgage, LLC (ECF No. 53),   W.L. Ross (ECF No. 57),

5   Unigroup Inc., United Van Lines (registered agent: Jan Roby Alonzo), Mark

6   Keiper and Sullivan Moving & Storage (ECF No. 59), Michael W. Burnett &

7   Mathews, LLP, Michael W. Burnett, Joseph Massaro, and Thomas G. Rock

8   (ECF No. 76), Jeffrey M. Schwartz, Esq., SBN 25916 (ECF No. 77), Residential

9   Funding Company, LLC and Residential Funding Real Estate Holdings

10  Company, LLC (ECF No. 94), and James E. Rohr, National-City-Bank-PNC-

11  Financial-Services-Group, Inc. (ECF No. 100) are **GRANTED**.   Plaintiffs'

12  Complaint is dismissed.   Plaintiffs may file a motion for leave to file an

13  amended complaint within thirty days from the date of this Order.   Plaintiffs

14  must obtain a hearing date pursuant to the Local Rules of Civil Procedure before

15  filing any motion. In the event no motion is filed, the Court will close the case.

16  (2)  Plaintiffs' Motion for Evidentiary Hearing (ECF No. 75), Motion for the

17      Application for the Order Shortening Time (ECF No. 89), and Motion for

18      Evidentiary Hearing (ECF No. 92) are **DENIED**.

19  DATED: February 3, 2011

20  **WILLIAM Q. HAYES**
    United States District Judge

21

22

23

24

25

26

27

28